UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 99-CR-1019 (ARR) |
| *Respondent*, | |
| -against- | **OPINION AND ORDER** |
| KENNETH ADAM ORR, | |
| *Petitioner*. | |

In 2002, Petitioner Kenneth Adam Orr was convicted, after a guilty plea, of one count of money laundering conspiracy. On March 28, 2025, Mr. Orr filed a petition for *coram nobis*, which claims that his conviction is no longer valid in light of intervening precedents interpreting the money laundering statutes. *See* Mot. at 1, ECF No. 23-1. For the reasons set forth below, I DENY Mr. Orr's petition.

## BACKGROUND

In November 1999, Mr. Orr was indicted in a two count Indictment, which charged him with one count of conspiracy to commit securities fraud (Count One) and one count of conspiracy to commit money laundering (Count Two). Indictment ("Ind."), ECF No. 1. The Indictment alleged that Mr. Orr was the CEO of a securities broker-dealer, and from January 1995 to June 1995, received kickback payments from one Ray Irni. *Id*. ¶¶ 7–12. In exchange, Mr. Orr's brokers recommended to their customers that they purchase stocks in two corporations substantially controlled by Mr. Irni. *Id*.

1

As relevant here, Count Two of the Indictment charged Mr. Orr with conspiracy to launder money under 18 U.S.C. § 1956(h). *Id*. ¶¶ 14–16. Between January 1995 and June 1995, Mr. Orr and others:

> conspire[d] to engage in monetary transactions in and affecting interstate and foreign commerce in criminally derived property that was of value greater than $10,000 and that was derived from specified unlawful activity, namely, fraud in the sale of securities, in violation of Title 18, United States Code, Section 1957.

*Id*. ¶ 15. The Indictment further alleged that the "object of the conspiracy" was for Mr. Orr and others to "receive[] tens of thousands of dollars in proceeds" of the securities fraud and to "use[] those proceeds to purchase for his and others' benefit real and personal property." *Id*. ¶ 16.

Sometime in early 2002, Mr. Orr pled guilty to Count Two of the Indictment. *See* Judgment at 1, ECF No. 20 (entering judgment on guilty plea to Count Two of the Indictment, which charged money laundering conspiracy in violation of 18 U.S.C. § 1956(h)). I sentenced him to three years' probation and a fine of $3,000. *Id.* at 2. The remaining charge against him, Count One of the Indictment, was dismissed. *Id*. at 1. Mr. Orr served his probation without incident, and has not since been arrested for or charged with any crime. Orr. Decl. ¶ 6, ECF No. 23-1.

On March 28, 2025, Mr. Orr filed the instant petition for a writ of *coram nobis*. Mot. at 1. As explained further below, Mr. Orr asserts that his conviction for money laundering conspiracy has been rendered invalid by intervening precedents, and therefore his conviction should be vacated as his conduct was insufficient to state an offense.

## DISCUSSION

**I.      Standard of Review**

"A writ of error *coram nobis* is an extraordinary remedy typically granted only when a prisoner is out of custody and so cannot pursue habeas relief." *Doe v. United States*, 915 F.3d

2

905, 909 (2d Cir. 2019) (quotation marks omitted). To receive relief, the petitioner must establish "that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (quotation marks omitted). In deciding the petition, I must presume that the proceedings leading to the petitioner's conviction are correct, and "the burden rests on the accused to show otherwise." *United States v. Morgan*, 346 U.S. 502, 512 (1954).

## II.     Mr. Orr's Conviction Remains Valid under Governing Precedent

As set forth above, Mr. Orr pled guilty to Count Two of the Indictment, which charged him with money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). That subsection of the money laundering statute provides that "[a]ny person who conspires to commit any offense defined in [section 1956] or section 1957 shall be subject to the same penalties as . . . the offense . . . which was the object of the conspiracy." 18 U.S.C. § 1956(h) (1994).[1] As the Second Circuit has explained, a § 1956(h) conviction "requires [proof] that . . . the defendant knowingly engaged in the conspiracy with the specific intent to commit the offenses that are the objects of the conspiracy." *United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009) (quotation marks omitted and alterations adopted). Thus, the facts necessary to sustain a money laundering conspiracy conviction hinge upon which form of money laundering is charged as the object of that conspiracy.

---

[1] Mr. Orr committed his offense "[i]n or about and between January 1995 and June 1995." Ind. ¶ 15. Unless otherwise noted, I apply the versions of the relevant statutes that were in effect at the time of his offense conduct.

3

"To receive *coram nobis* relief, a petitioner must show that [] there are circumstances compelling such action to achieve justice." *Doe*, 915 F.3d at 910. Mr. Orr contends that he is entitled to relief because intervening precedents have established that "[h]is conduct did not include a critical element" necessary for his conviction for money laundering conspiracy, and therefore he was "criminally punished for conduct that was not a crime." Mot. at 2. For the reasons set forth below, I disagree.

### A.    Mr. Orr's Argument

Mr. Orr asserts that the charged object of his conspiracy conviction was "transaction-concealment" money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (1994). That provision "prohibits certain financial transactions . . . involving the proceeds of certain unlawful activities when the defendant knows 'that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.'" *Garcia*, 587 F.3d at 515–16 (quoting 18 U.S.C. § 1956(a)(1)(B)(i)).

Several years after Mr. Orr entered his guilty plea, the Second Circuit clarified that § 1956(a)(1)(B)(i)'s "designed . . . to conceal" element "requires proof that the *purpose*—not merely effect—of the [transaction] was to conceal or disguise a listed attribute" of the funds. *United States v. Huezo*, 546 F.3d 174, 179 (2d Cir. 2008) (quotation marks omitted). Thus, evidence that "shows only an intent to conceal the [transaction], not an intent to [transact] in order to conceal," is insufficient to support a conviction for transaction-concealment money laundering. *Garcia*, 587 F.3d at 517 (vacating guilty plea where the "transaction was effected covertly in an effort to conceal the transaction from the authorities," as "there [wa]s no indication

4

. . . that the transaction itself was an effort to conceal anything about the money") (quotation marks omitted).

  Mr. Orr contends that the Indictment did not sufficiently allege that the transactions underlying his money laundering conspiracy were "designed . . . to conceal" a statutory attribute of the funds. Mot. at 11. Instead, the only alleged object of the conspiracy "was to receive funds [from the securities fraud] and use them for Mr. Orr's and others' benefit," Mot. at 11 (citing Ind. ¶ 16), and therefore the Indictment failed to state a valid offense. Mr. Orr also states that he was unable to locate a transcript of his guilty plea after contacting various sources, including the National Archives. Mot. at 3, n.1. Nonetheless, he asserts that there "is no basis to think that" his plea allocution contained sufficient facts to establish that the transactions were designed to conceal a listed attribute of the funds, given that the Indictment did not charge that element. *Id.*[2]

  Mr. Orr asserts that his conviction is therefore invalid under *Huezo* and *Garcia*, as both the Indictment and his plea hearing failed to contain sufficient facts of the "designed to conceal" element required for transaction-concealment money laundering. *See Garcia*, 587 F.3d at 514 (noting that to accept a plea, a court must "assure itself . . . that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty" based on "any facts on the record at the time of the plea proceeding" (quotation marks omitted)).

  Mr. Orr's argument is largely correct. Where "[t]he charged object of the conspiracy" is transaction-concealment laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), a conviction "requires proof that the purpose —not merely effect—of the [transaction] was to conceal or

---

[2] Because the details of Mr. Orr's plea allocution are unnecessary to resolve this petition, I assume that he did not allocute to any facts establishing concealment.

5

disguise a listed attribute of the funds." *Garcia*, 587 F.3d at 515–16 (quotation marks omitted). In addition, the Indictment does not allege that the transactions were designed to disguise a statutory attribute of the funds. *See* Ind. ¶ 16. Instead, the Indictment alleges that the "object of the conspiracy" was for Mr. Orr and others to "receive[] tens of thousands of dollars in proceeds" of securities fraud and to "use[] those proceeds to purchase for his and others' benefit real and personal property." *Id.* Thus, Mr. Orr presents a compelling case to invalidate a conviction for conspiracy to commit transaction-concealment laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h).

    **B.**    **Validity of the Conviction**

Except Mr. Orr was not charged with transaction-concealment laundering. To reiterate, a money laundering conspiracy conviction "requires [proof] that . . . the defendant knowingly engaged in the conspiracy with the specific intent to commit the offenses that are the objects of the conspiracy." *Garcia*, 587 F.3d at 515 (quotation marks omitted and alterations adopted). Here, the Indictment plainly charges a conspiracy to "engag[e] in monetary transactions in property derived from specified unlawful activity," *in violation of 18 U.S.C. § 1957*.[3] The Indictment not only cites 18 U.S.C. § 1957, but its allegations also mirror the statutory language of that offense. *See* Ind. ¶ 15 (alleging that Mr. Orr and others conspired "to engage in monetary transactions . . . in criminally derived property that was of value greater than $10,000 . . . in violation of Title 18, United States Code, Section 1957). Thus, Mr. Orr's assumption that the

---

[3] Critically, the money laundering statutes explicitly provide that a § 1957 violation may be charged as the object of a money laundering conspiracy. *See* 18 U.S.C. § 1956(h) (1994) ("Any person who conspires to commit any offense defined in [section 1956] *or section 1957* shall be subject to the same penalties as . . . the offense . . . which was the object of the conspiracy." (emphasis added))

6

charged object of the conspiracy was transaction-concealment laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), is baseless.

Moreover, the statutory text of § 1957 does not contain the "designed . . . to conceal" element of § 1956(a)(1)(B)(i). So long as certain jurisdictional requirements are met, § 1957(a) is satisfied by proof that the defendant "knowingly engage[d] or attempt[ed] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity." 18 U.S.C. § 1957(a) (1994). Due to the absence of § 1956(a)(1)(B)(i)'s concealment element from § 1957, it is well-settled that § 1957 does not require proof that the transaction was designed to conceal a listed attribute of the funds. *See United States v. Ness*, 565 F.3d 73, 78 (2d Cir. 2009) (vacating defendant's conviction for conspiracy to commit transaction laundering in violation of § 1956(a)(1)(B)(i) based on insufficient evidence of concealment, but acknowledging that lack of concealment was not a basis to reverse conviction for conspiracy to commit a monetary transaction in unlawful funds in violation of § 1957(a)); *United States v. Silver*, 864 F.3d 102, 114 (2d Cir. 2017) (describing the elements of a substantive violation of § 1957, and omitting any concealment requirement).

Accordingly, the absence of facts in the Indictment and plea establishing concealment is irrelevant, and *Garcia* does not invalidate Mr. Orr's conviction. Mr. Orr was charged with conspiracy to violate § 1957(a), which does not require any form of concealment. Mr. Orr's Indictment and plea would remain valid even if entered today, and he has therefore failed to show "circumstances compelling [the grant of *coram nobis*] to achieve justice." *Doe*, 915 F.3d at 910.

I therefore DENY Mr. Orr's *coram nobis* petition.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:     February 18, 2025
           Brooklyn, New York